UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIGMA CONSTRUCTORES, S.A.,<br><br>Petitioner,<br><br>v.<br><br>REPUBLIC OF GUATEMALA,<br><br>Defendant. | No. 22-cv-1674-TSC-MAU |

**OPINION AND ORDER**

Petitioner Sigma Constructores, S.A. ("Sigma") filed a petition under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, to enforce arbitration awards against Respondent Republic of Guatemala for its alleged failure to pay Sigma for construction work. *See* ECF No. 1 at 1, ¶¶ 2–5. Guatemala has moved to dismiss the petition for lack of subject matter jurisdiction, based on the doctrine of *forum non conveniens*, and under principles of international comity. *See generally* Mot. to Dismiss, ECF No. 28. In the alternative, Guatemala requests that the court hold the case in abeyance pending full disposition of related litigation concerning the awards in Guatemala. *See id.* at 22–25. The court referred the case to a Magistrate Judge for full case management up to and including issuance of a Report and Recommendation on any dispositive motions, Oct. 5, 2023 Min. Order, and it was assigned to Magistrate Judge Upadhyaya.

On February 13, 2025, Magistrate Judge Upadhyaya issued a Report and Recommendation. ECF No. 44. Judge Upadhyaya determined that jurisdiction is proper; that there is no adequate alternate forum to enforce the arbitral award; that international comity is not available as an avenue for dismissal under the FAA; and that Guatemala failed to meet its burden of demonstrating

sufficient hardship to justify a stay. *See generally id.* Accordingly, Judge Upadhyaya recommended that the court deny Guatemala's Motion to Dismiss and deny without prejudice its alternative request to hold the case in abeyance. *Id.* at 17.

Guatemala timely objected to the Report. Objections, ECF No. 48. Having considered the parties' briefing on Guatemala's Motion to Dismiss, the Report, Guatemala's objections, Sigma's response, and the record, the court adopts in full the Report's recommendations.

## I. LEGAL STANDARD

"District courts must apply a *de novo* standard of review when considering objections to, or adoption of, a magistrate judge's Report and Recommendation." *Means v. District of Columbia*, 999 F. Supp. 2d 128, 132 (D.D.C. 2013). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b).

## II. ANALYSIS

Guatemala does not challenge the Report's determination as to sovereign immunity, and upon careful consideration of the relevant materials, the court adopts the Report's recommendation as to that issue. Guatemala raises two main objections to the Report: it argues that dismissal is warranted based on *forum non conveniens* or, alternatively, that a stay is appropriate due to related proceedings in Guatemala. As outlined above, Guatemala raised both arguments in its Motion to Dismiss briefing, and Judge Upadhyaya considered and rejected each in her Report. Reviewing each argument *de novo*, the court concurs with the Report.

First, Guatemala contends that Judge Upadhyaya erred in failing to account for the absence of any "*inter*national aspect" to the dispute in considering dismissal on *forum non conveniens* grounds. Objections at 7 (emphasis in original); *see* Mot. to Dismiss at 17−21. But as the Report

explains, binding Circuit precedent establishes a bright-line rule that "*forum non conveniens* is not available in proceedings to confirm a foreign arbitral award because only U.S. courts can attach foreign commercial assets found within the United States." *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1105 (D.C. Cir. 2024) (quoting *LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 876 n.1 (D.C. Cir. 2021). Contrary to Guatemala's representations, this rationale does not turn on whether the dispute has an "*inter*national aspect." Objections at 7. Because the parties do not dispute the presence of Guatemalan commercial assets in the United States, *forum non conveniens* cannot provide grounds for dismissal.

Relatedly, Guatemala argues that the fact that it has already started to pay the awards in accordance with Guatemalan judgments militates against their enforcement in the United States. *See* Objections at 10−12. But the partial payment of arbitration awards cannot change the fact that "there is no other forum in which [Sigma] could reach [Guatemala]'s property . . . in the United States." *TMR Energy Ltd. v. State Prop. Fund of Ukraine*, 411 F.3d 296, 304 (D.C. Cir. 2005).

Second, Guatemala argues that the case should be stayed pending the conclusion of Guatemalan proceedings regarding the enforceability of the awards. *See* Objections at 12–14; Mot. to Dismiss at 22–25. Without opining on the nature of those proceedings, the court agrees with the Report that a stay is not appropriate at this juncture, as Guatemala has not met its burden of making out a clear case of hardship or inequity. While Guatemala cites the cost of continued litigation before this court, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 21 (D.D.C. 2019) (cleaned up).

### III. CONCLUSION

For the reasons stated above, the court ADOPTS the report and ACCEPTS the recommendations of the Magistrate Judge. ECF No. 44. Accordingly, the court DENIES Guatemala's Motion to Dismiss and DENIES WITHOUT PREJUDICE its alternative request for a stay. ECF No. 28.

Date: December 12, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge